IN THE SUPREME COURT OF THE STATE OF DELAWARE

JEFFREY THOMAS, §
§ No. 332, 2021
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 1403008516 (K)
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: October 26, 2021
Decided: December 7, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

# **O R D E R**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Jeffrey W. Thomas, filed this appeal from the Superior Court's denial of his motion for correction of sentence under Superior Court Criminal Rule 35. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Thomas's opening brief that his appeal is without merit. We agree and affirm.

(2)    In 2015, a Superior Court jury found Thomas guilty of second-degree burglary, theft of a motor vehicle, second-degree conspiracy, and misdemeanor theft.

The State sought habitual-offender sentencing under 11 *Del. C.* § 4214(a). On March 12, 2015, the Superior Court sentenced Thomas as follows: for second-degree burglary, as a habitual offender, to seventeen years of incarceration; for theft of a motor vehicle, as a habitual offender, to two years of incarceration; for second-degree conspiracy, as a habitual offender, to two years of incarceration; and for misdemeanor theft, to a fine and one year of incarceration, suspended for decreasing levels of supervision. This Court affirmed on direct appeal.[1]

(3) Thomas has filed several motions seeking postconviction relief, which have been denied.[2] On June 25, 2021, Thomas filed a motion for correction of sentence. The Superior Court denied the motion, and Thomas has appealed to this Court. Thomas contends that his sentence is illegal because his prior convictions in New Jersey for third-degree burglary did not constitute predicate offenses for habitual-offender sentencing under Section 4214(a).

(4) We review the denial of a motion for correction of sentence under Rule 35(a) for abuse of discretion.[3] To the extent the claim involves a question of law, we review the claim *de novo*.[4] The circumstances in which the Superior Court will

---

[1] *Thomas v. State*, 2015 WL 9265084 (Del. Dec. 17, 2015).
[2] *See Thomas v. State*, 2021 WL 2935351 (Del. July 12, 2021) (affirming denial of third motion for postconviction relief); *Thomas v. State*, 2019 WL 610820 (Del. Feb. 12, 2019) (affirming denial of motion for postconviction relief).
[3] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[4] *Id.*

change a sentence under Rule 35(a) are narrow.[5]  Rule 35(a) permits relief when the sentence imposed exceeds the statutorily-authorized limits or violates the Double Jeopardy Clause.[6]

(5) We conclude that the Superior Court's denial of Thomas's motion should be affirmed.  This Court has already determined that Thomas's claim that his New Jersey convictions for third-degree burglary were not qualifying predicate offenses for habitual-offender sentencing under Section 4214(a) is without merit.[7] There is no basis under Delaware law for Thomas to relitigate that issue.[8]  As we previously concluded, under the applicable version of Section 4214(a), Thomas was subject to habitual-offender sentencing if he had three prior felony convictions.[9] Thomas does not contend that his New Jersey third-degree burglary convictions were not felonies under New Jersey law.  Because Thomas had been convicted of three prior felonies, the Superior Court did not err by sentencing him as a habitual offender.[10]

---

[5] *Roten v. State*, 2019 WL 1499908, at *1 (Del. Apr. 3, 2019) (citing *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998)).

[6] *Id.*

[7] *See Thomas*, 2015 WL 9265084, at *3 ("Thomas's claim that his New Jersey convictions for third degree burglary were not qualifying predicate offenses for habitual offender sentencing is simply incorrect. . . .  Thomas's felony convictions in New Jersey qualified as predicate offenses under Section 4214(a).  His claim to the contrary has no merit.").

[8] *Weber v. State*, 2019 WL 3268813, at *3 (Del. July 19, 2019).

[9] *Thomas*, 2015 WL 9265084, at *3.

[10] *Roten*, 2019 WL 1499908, at *1.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.


BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

4